UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH W. EDMONDS, on behalf of himself, DEREK M. EDMONDS, on behalf of himself and his marital community, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EAST WEST BANK,<br><br>Defendant. | CASE NO. C12-1942-RSM<br><br>ORDER ON MOTIONS |
| EAST WEST BANK,<br><br>Third Party Plaintiff<br><br>v.<br><br>TRIDENT INVESTMENTS, INC. et al.,<br><br>Third Party Defendants. | |

ORDER ON MOTIONS - 1

## I. INTRODUCTION

This matter comes before the Court on Defendant and Third Party Plaintiff East West Bank's Motion for Prejudgment Writs of Attachment (Dkt. # 26) and Plaintiffs' Motion to Amend the Complaint (Dkt. # 38). For the reasons that follow, the Court shall grant the motion to amend and shall defer motion for prejudgment writs of attachment for the reasons set forth below.

## II. BACKGROUND

Defendant and Third Party Plaintiff East West Bank ("EWB") acquired the failed Washington First International Bank ("WFIB") from FDIC receivership in 2010. Plaintiffs' claims arise from the conduct of trust and loan officers of WFIB in relation to the assets acquired by EWB, and from EWB's conduct with respect to the acquired assets.

Plaintiffs include Joseph Edmonds, Derek Edmonds, Equity Funding, LLC ("Equity"), Trident Heritage Holdings, LLC ("Trident"), the Terry S. Edmonds and Joseph W. Edmonds Irrevocable Trust ("Joseph Edmonds Trust"), The Derek M. Edmonds Irrevocable Trust ("Derek Edmonds Trust"), and the Derek M. Edmonds and Juiling Edmonds Irrevocable Trust ("Derek and Juiling Trust"). Both Joseph and Derek Edmonds are owners of Centrum Financial Services, Inc. ("Centrum"), which in turn is the owner and corporate managing member of Equity. Trident, the owner of real property in Washington, merged with Equity in 2009. The Joseph Edmonds Trust was created on June 7, 1995 and was the beneficiary of a $20 million universal life insurance policy on the life of Joseph Edmonds. The Derek Edmonds Trust was created in August 2008 for the purpose of owning a $10 million universal life insurance policy on the life of Derek Edmonds. Likewise, the Derek and Juiling Trust was created in August 2008 for the

purpose of owning a $10 million joint universal life insurance policy on the lives of Derek and Juiling Edmonds. Dkt. # 1-1, ¶¶ 1-7.

The Edmonds established estate plans in 2007 that called for the purchase of high cash value life insurance policies to be held by trusts. They sought $20 and $10 million policies that included an investment component to increase the cash value of the policies over time. In June 2008, the Edmonds met with the co-CEO of WFIB, Elizabeth Huang, to discuss premium financing options necessary to obtain the policies. The Edmonds and WFIB obtained premium financing from ING that was to fund the premium payments for the life insurance policies. The ING loan was collateralized by the life insurance policies. The loan also used Japanese Yen to fund the premium payments, which were in U.S. dollars. The Edmonds contend that in the event the ING Yen loan failed to fully fund the insurance policy premium payments due to potential currency swings, WFIB promised that it would cover any shortfalls. Such coverage was to be provided through a Line of Credit ("LOC"), from which WFIB would draw the necessary funds to fully cover the premium payments. Because the Yen loan was collateralized by the policies, failure to pay the premium payments would result in liquidation of the insurance policies.

Ultimately, currency swings created a shortfall between the financing plan and the amount of the premium payments. The Edmonds were asked by WFIB to pledge personal collateral and take out new loans to fund ING's demands for additional collateral to secure the Yen loan. WFIB went into FDIC receivership and EWB acquired its assets. The ING loans were acquired by the Bank of Singapore. The premium payments went unfunded and the Bank of Singapore liquidated the Edmonds' insurance policies, which caused the Edmonds to sustain multi-million dollar losses.

### III. DISCUSSION

**A. Leave to Amend**

Plaintiffs moved pursuant to Fed. R. Civ. P. 15(b) for leave to file an Amended Complaint. Dkt. # 38. Defendant did not oppose the motion. Rule 15(b) provides that leave to amend pleadings should be freely given when justice so requires. Here, the proposed amended complaint adds factual allegations related to EWB's liability for its own conduct. The amended complaint contains allegations that EWB acquired the Edmonds' trusts, assumed responsibility for them as successor trustee, and that it breached its obligations under the Purchase and Assumption Agreement as well as its fiduciary responsibilities. *See* Dkt. # 38, pp. 3-4. The new allegations address specific actions taken by EWB *after* it acquired WFIB's assets.

Defendant did not oppose the motion to amend, which may be considered by the Court as an admission that the motion has merit. LCR 7(b)(2). Generally, courts consider five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990). None of the factors appear to be present here. Plaintiffs seek leave to amend based on documents only recently produced by EWB. The additional factual allegations support the existing causes of action and no new causes of action are asserted. Moreover, granting leave to file and serve an amended complaint will not prejudice EWB. Accordingly, the motion shall be granted.

**B. Motion requesting Prejudgment Writs of Attachment**

EWB seeks to attach non-exempt personal property of Centrum and Joseph Edmonds to satisfy a potential judgment in EWB's favor. Dkt. # 26. Pursuant to Fed. R. Civ. P. 64 and RCW 6.25.010 *et seq.*, it seeks attachment of Centrum's claimed right to receive funds from CDC Properties I, LLC (derived from Centrum's secured claims in *In re CDC Properties I, LLC*, Case.

No. 11-41010-PBS (Bankr. W.D. Wash.)) and Joseph Edmonds' shares in Centrum. EWB asserts counterclaims and third-party claims against Centrum, Trident, and Juiling Edmonds, based on alleged collective defaults on more than $14 million in commercial loan obligations and guaranties owed to EWB. EWB contends that Centrum's purported claims and defenses fail as a matter of law because they are barred by 12 U.S.C. § 1823(e), Washington's Credit Agreement Statute of Frauds, and 12 U.S.C. § 1821(d)(13)(D).

As an initial matter, EWB brought its motion based on Centrum's answer and counterclaims, which were plead in response to EWB's answer and third party claims in relation to Plaintiffs' original complaint. EWB contends that the complaint asserted lender liability claims against EWB "based solely on the actions of [WFIB] prior to WFIB's failure and takeover by the FDIC." Dkt. # 26, p. 3. Given the new factual allegations raised in Plaintiffs' motion to amend, however, the nature of the claims against EWB have changed. If EWB breached its fiduciary obligations after it acquired the Edmonds' Trusts and the LOC account from WFIB, the liability claims against EWB are no longer solely based on WFIB's alleged misconduct. Because the Court granted Plaintiffs' leave to amend the complaint, the Court finds it prudent to defer resolution of the motion for prejudgment writs of attachment until after the parties have fully developed their pleadings, at which time the Court will direct supplemental briefing, if necessary, and set a hearing date.

## IV. CONCLUSION

Having reviewed the motions, the response and reply thereto, the attached exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1)  Plaintiffs' Motion to Amend (Dkt. # 38) is GRANTED;

(2) Defendant's Motion for Prejudgment Writs of Attachment (Dkt # 26) is

DEFERRED as set forth above;

The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated this 28 day of May 2013.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS - 6